UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIEKA A. WILLIAMS,

    Petitioner,                                  Case No. 25-10674

v.                                                          Hon. Jonathan J.C. Grey

JEREMY HOWARD,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Jamieka A. Williams, who is confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In her pro se application, Williams challenges her sentence of 96 to 240 months for operating a motor vehicle with a high blood alcohol content causing death with a prior conviction, in violation of Mich. Comp. Laws § 257.625(4)(b). (*Id.*) For the reasons stated below, the application for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

On February 2, 2023, Williams pleaded no contest to operating with a high BAC causing death with a prior conviction. (ECF No. 1, PageID.35.) In exchange for her plea, the prosecutor agreed to dismiss Williams' two remaining charges. (*Id.*)

Williams appeared for sentencing on April 20, 2023 before Monroe County Circuit Court Judge William Nichols. (*Id.*) Her sentencing guidelines for the minimum sentence were 45-75 months.[1] (*Id.*) Prior to sentencing Williams, Judge Nichols noted that Williams had a prior vehicular manslaughter charge that was reduced to reckless operation. (*Id.* at PageID.23.) Both the prosecutor and defense counsel acknowledged that this offense had not been factored into the scoring of Williams' sentencing guidelines range because reckless operation is not a scoreable offense under the Michigan Sentencing Guidelines. (*Id.*) After hearing Williams' allocution, Judge Nichols indicated that he was going

---

[1] Michigan's Sentencing Guidelines, unlike the Federal Sentencing Guidelines, only provide for a minimum sentence; the maximum is determined by statute. *See, e.g., Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010). The Michigan Supreme Court found that Michigan's mandatory minimum sentencing scheme was unconstitutional and, therefore, the minimum sentence range could only be used in an advisory manner. *People v. Lockridge*, 870 N.W.2d 502, 506 (Mich. 2015); *see also Robinson v. Woods*, 901 F.3d 710, 718 (6th Cir. 2018).

2

to apply an upward departure because Williams was involved in a prior offense of reckless operation of a vehicle that resulted in a person's death. (ECF No. 1, PageID.24.) Accordingly, Judge Nichols sentenced Williams to 96-240 months in prison. (*Id.*) Williams' application for leave to appeal was denied by the Michigan Court of Appeals. (*See id.* at PageID.10); *People v. Williams,* No. 368304 (Mich. Ct. App. Dec. 21, 2023), *appeal denied*, 6 N.W.3d 379 (Mich. 2024).

Here, Williams seeks a writ of habeas corpus on the following grounds:

> [T]he sentencing judge abused his discretion and violated [Williams'] Sixth Amendment right to trial by using a manslaughter charge that was dismissed as a result of plea negotiations as an adjudicated fact that [Williams] had already killed someone else while driving, and other facts already counted by the guidelines to depart upward from [Williams'] guideline range.

(*Id.* at PageID.4.)

## II. LEGAL STANDARD

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citation omitted). Federal courts are also authorized to dismiss

3

any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254, Rule 4). The district court has a duty to screen out any habeas corpus petition that lacks merit on its face. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* (citations omitted).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Williams' sentencing claims do not entitle her to habeas relief, such that the petition must be summarily dismissed. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

State courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet*

*v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Williams claims that Judge Nichols improperly departed above the sentencing guidelines range of 45-75 months when imposing a minimum sentence of 96 months. However, it is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks and citation omitted). Williams' claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Williams' claim that the state trial court improperly departed above the sentencing guidelines range would not entitle her to habeas relief, because such a departure does not violate any of Williams' federal due process rights. *See Austin v. Jackson*,

5

213 F.3d 298, 301 (6th Cir. 2000); *see also Baker v. Barrett,* 16 F. Supp. 3d 815, 837 (E.D. Mich. 2014); *Drew v. Tessmer,* 195 F. Supp. 2d 887, 889–890 (E.D. Mich. 2001). "In short, [a petitioner] ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

Any error by the trial court in departing above Williams' sentencing guidelines range alone would not merit habeas relief. *Id.* This remains true despite Judge Nichols departing above the sentencing guidelines range on the minimum sentence because Williams' maximum sentence of twenty years was within the statutory range for the charged offense. *See* Mich. Comp. Laws § 257.625(4)(b) ("If the violation occurs while the person has [a high BAC causing death with a prior conviction], the person is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not less than $2,500.00 or more than $10,000.00, or both."); *see also Simpson v. Warren*, 662 F. Supp. 2d 835, 851 (E.D. Mich. 2009) (finding that petitioner failed to state a claim upon which federal habeas relief may be granted because, even if petitioner's "sentence exceed[ed] the minimum guideline range, it [wa]s within the statutory

maximum."), *aff'd*, 475 F. App'x 51 (6th Cir. 2012). Therefore, Williams is not entitled to habeas relief based upon Judge Nichols' departure from Michigan's sentencing guidelines.

Similarly, Williams' Sixth Amendment claim does not entitle her to relief. In 2013, the United States Supreme Court held that any fact which increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* is an expansion of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 103.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violated the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 870 N.W.2d 502, 519 (Mich. 2015). Specifically, the Michigan Supreme Court held that the scheme was unconstitutional because the guidelines required "judicial

7

fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables [] that *mandatorily* increase[d] the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence under *Alleyne*." *Id.* at 506 (emphasis in original). The Michigan Supreme Court's remedy for the unconstitutionality of the guidelines was to make the guidelines advisory only. *Id.* (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to remove the mandatory component, allowing courts to use the guidelines in an advisory capacity that is subject to review for reasonableness).

The Court finds that Williams' Sixth Amendment claim is without merit for two reasons. First, the Court finds that the holdings in *Alleyne* and *Lockridge* are inapplicable to Williams' case because Judge Nichols did not rely upon the allegedly improperly scored sentencing guidelines. The U.S. Supreme Court's holding in *Alleyne* does not apply where "the minimum sentence set by the court was based on the court's exercise of discretion, not on judicial fact-finding that mandatorily increased the minimum sentence." *Cooper v. Haas*, No. 17-1235, 2018 WL 1224451, at *5 (6th Cir. Jan. 9, 2018). A defendant who "received an upward

departure sentence that did not rely on the minimum sentence range from the improperly scored guidelines . . . cannot show prejudice from any error in scoring the [offense variables] in violation of *Alleyne*." *Id.* (quoting *Lockridge,* 870 N.W.2d at 522). Because the judge's decision to depart above the sentencing guidelines range was based on the exercise of his judicial discretion and not based on a factual finding that mandatorily increased the minimum sentence, Williams is not entitled to habeas relief.

Second, Williams' claim also fails because Michigan's sentencing guidelines are now advisory post-*Lockridge.* Consequently, purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *See Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also Apprendi*, 530 U.S. at 481–482 (reiterating that a sentence within statutory limits is generally not subject to review). Williams points to no

9

facts that show Judge Nichols did not treat Michigan's sentencing guidelines as advisory and there is no reason for the Court to believe that he did. Therefore, Williams has not proved that she is entitled to habeas relief based upon her Sixth Amendment claim.

### III. CONCLUSION

Accordingly, the Court **SUMMARILY DISMISSES** the petition for a writ of habeas corpus. The Court also **DENIES** a certificate of appealability to Williams.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists" could have differing views about whether "the petition should have been resolved in a different manner[,] or that the issues presented "were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–484 (2000) (internal quotation marks and citation omitted). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or

wrong. *Id.* at 484. Additionally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

This Court's summary dismissal of Williams' habeas application on preliminary review, based on the determination that the petition, on its face, fails to state a claim for relief, warrants the denial of a certificate of appealability from the summary dismissal of the petition. *See Watkins v. Campbell*, 182 F. Supp. 3d 727, 741 (W.D. Mich. 2016). "It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted." *Id.* (citation omitted). The Court further concludes that Williams should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

    (1) The petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

    (2) A certificate of appealability is **DENIED.**

11

(3) Williams is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED.**

Date:  August 26, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
